## SWEET and wife *vs.* BEAN and wife.

Where the grantors in a deed, although not positively *non compos*, are yet, from age and infirmity, under an influence and in a condition of mind to be little able to guard against imposition, or to resist importunity or undue influence, it becomes the duty of the court to criticize the transaction with severity, in order to see whether fraud, actual or constructive, has been designed and perpetrated.

The plaintiffs — a man eighty years of age, enfeebled by age and infirmity, both in mind and body, and his wife, who was in a similar condition from recent illness — conveyed a farm worth $6,500, and surrendered personal property of the value of $1,500, to the defendant, who had lived with them for many years and had their confidence, upon the understanding that the latter should pay the debts of the grantors, amounting to $1,500, and support the grantors during their lives. The deed contained a reservation of the use of the farm, for life, to the grantors or the survivor; but there was no covenant by the grantee to pay the debts or support the plaintiffs. The deed was prepared under and by the discretion of the defendant; the grantors taking no counsel in regard to the propriety of the arrangement. The referee found that the defendant fraudulently took advantage of the condition of the husband's mind to induce him to make the conveyance, and surrender the personal property, and did in fact obtain the deed from him by fraud and undue influence. *Held*, that these findings, being supported by the evidence, warranted a judgment setting the deed aside for fraud and undue influence.

APPEAL by the defendants from a judgment entered on the report of a referee.

The action was brought to set aside a deed made by the plaintiffs to the defendant, Bean, on the ground of fraud, undue influence and incapacity of the grantors, and for an accounting.

The case was heard before a referee, who directed judgment in favor of the plaintiffs, with costs. Judgment having been entered, the defendants appealed to the General Term of this court. (*S. C.*, very briefly reported, 3 *Thomp. & C.*, 772.)

*E. H. Benn*, for the appellant.

*Smith & Hill*, for the respondent.

*By the Court*, BOCKES, J.    Numerous exceptions were interposed to the findings of the referee ; but none of them need be particularly noticed, inasmuch as the case on appeal depends solely on his findings of fact ; which are alleged to be against, or unsupported by, evidence.

Without giving the findings in detail, it is sufficient here to state that the referee certifies that the defendant "fraudulently took advantage of the condition of the plaintiff's mind to induce him to make the conveyance * * and to give him control of his (plaintiff's) personal property ; and did in fact obtain from him the deed * * * by fraud and undue influence." The question in the case rests on this finding. If it be supported by the evidence the judgment is undoubtedly right and should be affirmed. How then stands the case on the proof ?

It appears from the evidence that the plaintiff, at the time of the transactions brought under examination, was eighty years of age, and childless ; that his wife was of middle age, but was then considerably prostrated by recent illness, and to some extent, at least, enfeebled in mind. The defendant was a young man, about twenty-five years of age, and had lived in plaintiff's family, with some trifling exception, from early childhood, and had plaintiffs' confidence.

While this relation existed between the parties, the plaintiffs were induced to convey to the defendant the farm in controversy, of the value of six thousand five hundred dollars, and to surrender to him personal property of the value of fifteen hundred dollars, on the understanding that the defendant should pay the plaintiffs' debts, amounting to fifteen hundred dollars, and support the plaintiffs during their lives. The consideration expressed in the deed was one thousand dollars ; and the conveyance contained a reservation as follows : "also excepting and reserving to said parties of the

Sweet *v.* Bean.

first part, and their survivor, the use and enjoyment of said premises hereby conveyed for and during their lives and the lifetime of their survivor." The defendant immediately entered into possession of the property, both real and personal, and assumed the control and ownership thereof. He also negotiated a loan on the premises of fifteen hundred dollars, received the same and paid therefrom the plaintiffs' indebtedness, in part. But he gave back no covenant or written agreement to support the plaintiffs, or to pay and satisfy the indebtedness existing at the time against Sweet. The plaintiffs took no counsel in regard to the propriety of the arrangement, and the deed was prepared under and by the defendant's direction. There is, too, much evidence tending to show that the old man was enfeebled by age and infirmity, both in mind and body; and that his wife was in similar condition from recent illness.

.Now, under the state of facts above detailed, can it be said there was no evidence of fraud, imposition or undue influence? We are met at the threshold with a strange omission and a variation from the agreement as claimed by the defendant himself. Instead of a covenant or agreement on his part to support the plaintiffs and to pay the old man's indebtedness, there was a reservation only in the deed of an estate for the life of the plaintiffs and for the life of the survivor of them. If it be said that the agreement for support and for the payment of debts was orally agreed upon, it may be significantly inquired, why was it not correctly and fully declared in writing? If care and personal attention to the wants of the plaintiffs, and relief to them from the annoyance and perplexities of business were of paramount consideration, why was not the purpose of the parties evidenced by writing in clear and definite terms? The omission to put the pretended agreement in writing, and the want of adequate and reasonable consideration as expressed in the deed, with the confi-

dential relation which existed between the parties, cast suspicion upon the transaction, and call for satisfactory explanation from the party who claims for himself profit and advantages growing out of it. It can well be understood, and the evidence warrants the conclusion, that the plaintiffs, although not positively, *non compos*, yet were under an influence and in a condition of mind to be little able to guard against imposition, or to resist importunity or undue influence. In such case it becomes the duty of the court to criticise the transaction with severity in order to see whether fraud, actual or constructive, has been designed and perpetrated.

Here the defendant was undoubtedly in a position favorable to the carrying out of a fraudulent purpose if so inclined. He had the plaintiffs' confidence. He had the opportunity for advising, raising hopes, and magnifying fears. So it has been said, that a contract obtained from one party so much in the power of the other cannot be sanctioned, if confidence has been abused, if there is inadequacy of price, or if the inference be plain that advantage has been taken of age and imbecility. It is a well settled rule of equity that he who bargains in a matter of advantage with a person placing confidence in him, is bound to show that a reasonable use has been made of that confidence. The burden is on the party claiming the advantage, to vindicate his acts. He must show his contract to have been fully understood and comprehended in all its essential bearings, especially when on its face it is marked with peculiarities or points of unreasonableness. In this aspect of the case the defence, I think, fails.

But I am of the opinion that there is direct evidence of imposition and fraud in this case to sustain the judgment. The deed is not in consonance with the alleged agreement, as claimed by the defendant. According to the conveyance the defendant was to have the property in remainder; whereas, both parties assumed that the

Sweet *v.* Bean.

defendant was to have immediate possession and abso-
lute control. The plaintiff was under mistake, or was
deceived in regard to his rights. The obligations of the
defendant, as he states them, were not put in writing.
*Cui bono?* Was the misstatement of the alleged con-
tract, in so far as any rights favorable to the plaintiffs
were declared in the deed, and the omission of all evi-
dence touching the important duties and obligations of
the defendant, honest and fair? Did the defendant state
to the old man, as the latter testifies, that the provision
for plaintiffs' support was in the deed? The old man
had a right to suppose it existed somewhere. True, the
defendant denies that he so stated. But under the cir-
cumstances of the case, the referee may well have be-
lieved the evidence of the former. Not only am I of the
opinion that the conclusion of the referee has evidence
to support it; but, I think, that any other than that at
which he arrived would have been decidedly against the
weight of evidence.

The findings of fact are well based on abundant proof,
and the conclusions of law, pronounced in the judgment,
logically flow from them.

The judgment should be affirmed, with costs.

Judgment affirmed.

[THIRD DEPARTMENT, GENERAL TERM at Albany, March 12, 1874.
*Miller, Bockes* and *Boardman,* Justices.]